## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| ADAM FRANCHI, Individually and On Behalf of All Others Similarly Situated,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAPELLA EDUCATION COMPANY, DAVID W. SMITH, RITA D. BROGLEY, H. JAMES DALLAS, J. KEVIN GILLIGAN, MICHAEL A. LINTON, MICHAEL L. LOMAX, JODY G. MILLER, JEFFREY W. TAYLOR, DARRELL R. TUKUA, STRAYER EDUCATION, INC., and SARG SUB INC.,<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)　Case No. _____<br>)<br>)　JURY TRIAL DEMANDED<br>)<br>)　CLASS ACTION<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1.　　This action stems from a proposed transaction announced on October 30, 2017 (the "Proposed Transaction"), pursuant to which Capella Education Company ("Capella" or the "Company") will be acquired by Strayer Education, Inc. ("Parent") and Sarg Sub Inc. ("Merger Sub," and together with Parent, "Strayer").

2.　　On October 29, 2017, Capella's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Strayer.　Pursuant to the terms of the Merger Agreement, shareholders of Capella will receive 0.875 shares of Strayer common stock for each share of Capella.

3.     On November 20, 2017, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4.     The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6.     This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.     Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8.     Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Capella common stock.

9.     Defendant Capella is a Minnesota corporation and maintains its principal executive offices at 225 South 6th Street, 9th Floor, Minneapolis, Minnesota 55402. Capella's common stock is traded on the NasdaqGS under the ticker symbol "CPLA."

10.     Defendant David W. Smith ("Smith") serves as Lead Director of the Board of Capella.

11.     Defendant Rita D. Brogley ("Brogley") is a director of Capella.

12.     Defendant H. James Dallas ("Dallas") is a director of Capella.

13.     Defendant J. Kevin Gilligan ("Gilligan") has served as a director and Chief Executive Officer ("CEO") of Capella since March 2009, and as Chairman of the Board of Capella since February 2010.

14.     Defendant Michael A. Linton ("Linton") is a director of Capella.

15.     Defendant Michael L. Lomax ("Lomax") is a director of Capella.

16.     Defendant Jody G. Miller ("Miller") is a director of Capella.

17.     Defendant Jeffrey W. Taylor ("Taylor") is a director of Capella.

18.     Defendant Darrell R. Tukua ("Tukua") is a director of Capella.

19.     The defendants identified in paragraphs 10 through 18 are collectively referred to herein as the "Individual Defendants."

20.     Defendant Parent is Maryland corporation and a party to the Merger Agreement.

21.     Defendant Merger Sub is a Minnesota corporation, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

## CLASS ACTION ALLEGATIONS

22.     Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of Capella (the "Class").  Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

23.     This action is properly maintainable as a class action.

24.     The Class is so numerous that joinder of all members is impracticable.  As of

October 26, 2017, there were approximately 11,624,035 shares of Capella outstanding, held by

hundreds, if not thousands, of individuals and entities scattered throughout the country.

25.     Questions of law and fact are common to the Class, including, among others: (i)

whether defendants violated the 1934 Act; and (ii) whether defendants will irreparably harm

plaintiff and the other members of the Class if defendants' conduct complained of herein

continues.

26.     Plaintiff is committed to prosecuting this action and has retained competent

counsel experienced in litigation of this nature.  Plaintiff's claims are typical of the claims of the

other members of the Class and plaintiff has the same interests as the other members of the

Class.   Accordingly, plaintiff is an adequate representative of the Class and will fairly and

adequately protect the interests of the Class.

27.     The prosecution of separate actions by individual members of the Class would

create the risk of inconsistent or varying adjudications that would establish incompatible

standards of conduct for defendants, or adjudications that would, as a practical matter, be

dispositive of the interests of individual members of the Class who are not parties to the

adjudications or would substantially impair or impede those non-party Class members' ability to

protect their interests.

28.     Defendants have acted, or refused to act, on grounds generally applicable to the

Class as a whole, and are causing injury to the entire Class.  Therefore, final injunctive relief on

behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

29.     Capella is a pioneer in developing online, high-quality degree programs for

adults.  It has experienced significant growth since its 1991 inception by focusing on academic

quality and learner success in the growing market for online, post-secondary education.

30.     Capella's academic programs are delivered through its wholly-owned subsidiary, Capella University, an accredited online academic institution.  The university is known for its curricula that combine strong academic content and real-world practicality, presented in a flexible, online format geared for adult students.

31.     Capella also owns Capella Learning Solutions, which provides online non-degree, high-demand, job-ready skills, training solutions, and services to individuals and corporate partners; Hackbright, the leading non-degree software engineering school for women; DevMountain, an industry-leading coding school; and Sophia, an innovative learning platform leveraging technology to support self-paced learning.

32.     Capella University currently offers 54 undergraduate and graduate degree programs with 152 specializations and more than 1,900 courses. As of June 30, 2017, approximately 37,600 students were enrolled, representing all 50 states and 54 other countries or territories.

33.     On October 29, 2017, the Individual Defendants caused the Company to enter into the Merger Agreement with Strayer.

34.     Pursuant to the terms of the Merger Agreement, shareholders of Capella will receive 0.875 shares of Strayer common stock for each share of Capella.

35.     On November 20, 2017, defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

36.     The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading.

37.     First, the Registration Statement omits material information regarding Capella's

financial projections, Strayer's financial projections, and the financial analyses performed by the Company's financial advisor, Morgan Stanley & Co. LLC ("Morgan Stanley").

38.     The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.   Moreover, when a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

39.     With respect to Capella's financial projections, the Registration Statement fails to disclose: (i) operating activities; (ii) interest; (iii) taxes; (iv) share-based compensation; (v) depreciation and amortization; and (vi) a reconciliation of all non-GAAP to GAAP metrics.

40.     With respect to Strayer's financial projections, the Registration Statement fails to disclose: (i) operating activities; (ii) interest; (iii) taxes; (iv) share-based compensation; (v) depreciation and amortization; and (vi) a reconciliation of all non-GAAP to GAAP metrics.

41.     With respect to Morgan Stanley's Capella Discounted Cash Flow Analysis, the Registration Statement fails to disclose:  (i) the unlevered free cash flows used by Morgan Stanley in the analysis and the respective line items; (ii) the terminal value range for Capella; (iii) the inputs and assumptions underlying the discount rates ranging from 8.1% to 10.1%; and (iv) Capella's estimated net debt.

42.     With respect to Morgan Stanley's Strayer Discounted Cash Flow Analysis, the Registration Statement fails to disclose:  (i) the unlevered free cash flows used by Morgan Stanley in the analysis and the respective line items; (ii) the terminal value range for Strayer; (iii)

the inputs and assumptions underlying the discount rates ranging from 9.3% to 11.3%; and (iv) Strayer's estimated net debt.

43.     With respect to Morgan Stanley's Comparable Company Analysis, the Registration Statement fails to disclose the individual multiples and financial metrics for the companies observed by Morgan Stanley in the analysis.

44.     With respect to Morgan Stanley's Contribution Analysis, the Registration Statement fails to disclose the estimated aggregate enrollment, revenue, EBITDA, stock-based compensation, and capital expenditures for the combined company.

45.     The omission of this material information renders the Registration Statement false and misleading, including, *inter alia*, the following sections of the Registration Statement: (i) Background of the Merger; (ii) Capella's Reasons for the Merger; Recommendation of the Capella Board of Directors; (iii) Opinion of Capella's Financial Advisor; (iv) Capella Management's Unaudited Prospective Financial Information; and (v) Strayer Management's Unaudited Prospective Financial Information.

46.     Second, the Registration Statement omits material information with respect to potential conflicts of interest of the Company's officers and directors.

47.     The Registration Statement fails to disclose the timing and nature of all communications regarding the future employment and directorship of Capella's officers and directors, including who participated in all such communications.  For example, the Registration Statement fails to disclose the nature of the September 19, 2017 "proposal for leadership of the combined company."   The Registration Statement also fails to disclose the nature of the September 28, 2017 discussion regarding "the senior management of the combined company" and the "composition of the board of directors of the combined company."

48.     Communications regarding post-transaction employment during the negotiation of the underlying transaction must be disclosed to stockholders.  This information is necessary for stockholders to understand potential conflicts of interest of management and the Board, as that information provides illumination concerning motivations that would prevent fiduciaries from acting solely in the best interests of the Company's stockholders.

49.     The omission of this material information renders the Registration Statement false and misleading, including, *inter alia*, the following sections of the Registration Statement: (i) Background of the Merger; (ii) Capella's Reasons for the Merger; Recommendation of the Capella Board of Directors; (iii) Board and Management of the Combined Company; and (iv) Interests of Capella's Directors and Executive Officers in the Merger.

50.     The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to Capella's stockholders.

## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Capella

51.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

52.     The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading.  Capella is liable as the issuer of these statements.

53.     The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the

Registration Statement.

54. The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

55. The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

56. The Registration Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

57. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

58. Because of the false and misleading statements in the Registration Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

**Claim for Violation of Section 20(a) of the 1934 Act**
**Against the Individual Defendants and Strayer**

59. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

60. The Individual Defendants and Strayer acted as controlling persons of Capella within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or directors of Capella and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and

dissemination of the various statements that plaintiff contends are false and misleading.

61.     Each of the Individual Defendants and Strayer was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

62.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.   The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.   They were thus directly in the making of the Registration Statement.

63.     Strayer also had direct supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

64.     By virtue of the foregoing, the Individual Defendants and Strayer violated Section 20(a) of the 1934 Act.

65.     As set forth above, the Individual Defendants and Strayer had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.   By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.   As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A.      Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.      In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.      Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.      Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.      Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.      Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff respectfully requests a trial by jury on all issues so triable.

Dated: November 29, 2017                 **ALTMAN & IZEK**

                                          By:  *s/ Adam Altman*
                                          _____
**OF COUNSEL:**                                Adam Altman
                                               Douglas B. Altman
**RIGRODSKY & LONG, P.A.**                     901 North Third Street, Suite 140
Brian D. Long                                  Minneapolis, MN 55401
Gina M. Serra                                  Telephone: (612) 335-3700
2 Righter Parkway, Suite 120                   E-mail: adam@altmanizek.com
Wilmington, DE 19803
Telephone: (302) 295-5310                      *Attorneys for Plaintiff*
Emails: bdl@rl-legal.com
gms@rl-legal.com

**RM LAW, P.C.**
Richard A. Maniskas
1055 Westlakes Drive, Suite 3112
Berwyn, PA 19312
Telephone: (484) 324-6800
Email: rm@maniskas.com

## CERTIFICATION OF PLAINTIFF

I, Adam Franchi ("Plaintiff"), hereby declare as to the claims asserted under the federal securities laws that:

1.    Plaintiff has reviewed the complaint and authorizes its filing.

2.    Plaintiff did not purchase the security that is the subject of this action at the direction of Plaintiff's counsel or in order to participate in any private action.

3.    Plaintiff is willing to serve as a representative party on behalf of the class, either individually or as part of a group, and I will testify at deposition or trial, if necessary.  I understand that this is not a claim form and that I do not need to execute this Certification to share in any recovery as a member of the class.

4.    Plaintiff's purchase and sale transactions in the Capella Education Company (NasdaqGS: CPLA) security that is the subject of this action during the class period is/are as follows:

**PURCHASES**

| Buy Date | Shares | Price per Share |
|---|---|---|
| 7/26/17 | 100 | $72.89 |
|  |  |  |
|  |  |  |
|  |  |  |

**SALES**

| Sell Date | Shares | Price per Share |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

*Please list additional transactions on separate sheet of paper, if necessary.*

5.    Plaintiff has complete authority to bring a suit to recover for investment losses on behalf of purchasers of the subject securities described herein (including Plaintiff, any co-owners, any corporations or other entities, and/or any beneficial owners).

6.     During the three years prior to the date of this Certification, Plaintiff has not moved to serve as a representative party for a class in an action filed under the federal securities laws.

7.     Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond Plaintiff's *pro rata* share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 27 day of November, 2017.

Adam Franchi

2